IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KCS LENDING, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-00059-PX |
| WENDELL GARRISON, *et al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff KCS Lending LLC ("KCS") seeks to quiet title and reform a deed conveying real property on grounds of mutual mistake. *See* ECF Nos. 2, 43. Pursuant to Local Rule 105.6, a hearing is not necessary. For the following reasons, Plaintiff's motions for default judgment and summary judgment (ECF No. 43) are GRANTED.

**I. Background**

At an auction for the sale of real property known as 6413 Kilmer Street, Cheverly, Maryland 20785 (the "Property"), Solar Plus Energy, Inc. ("Solar Plus") was the highest bidder. ECF No. 2 ¶ 15. As a result, Nationstar Mortgage, LLC ("Nationstar"), the owner of the Property, executed a Purchase Agreement with Wendell Garrison, who was acting "on behalf of Solar Plus." *Id.* ¶ 16. Once the parties proceeded to settlement on November 15, 2016, Nationstar conveyed the Property pursuant to a Special Warranty Deed (the "Property Deed")[1] that, according to Plaintiff, mistakenly identified Garrison as the grantee rather than Solar Plus. *Id.* ¶ 17.

On the same day as settlement, Solar Plus obtained a $250,000 loan from KCS ("KCS Loan"), the proceeds of which were used in part to purchase the Property. *Id.* ¶¶ 19, 20. As

---

[1] The Court takes judicial notice of land records and court proceedings pursuant to Fed. R. Evid. 201(b)(2).

security, "Solar Plus, through its agent Defendant Garrison, conveyed a lien against the Property to KCS" (the "Deed of Trust"). *Id.* ¶ 19. Both the Property Deed and Deed of Trust were recorded in the land records on January 11, 2017. *Id.* ¶¶ 17, 19.

Plaintiff avers that all parties intended the Property Deed to convey the Property to Solar Plus, not Garrison, and further, that Plaintiff would not have extended the KSC Loan if Solar Plus was not the intended owner of the Property. *Id.* ¶ 18; ECF No. 43 at 4. Based on this error, Plaintiff filed suit in the Circuit Court for Prince George's County against various defendants, including Garrison, Solar Plus, and Nationstar, seeking (1) a declaration that Solar Plus is the owner of the Property; and (2) reformation of the Property Deed to reflect Solar Plus as the grantee. ECF No. 2 ¶¶ 23–32. Plaintiff also named as defendants a number of individuals and entities who have tax and judgment liens against Garrison personally that may have sought to attach to the Property, including the Internal Revenue Service ("IRS"), Prince George's County, Capital One Bank USA ("Capital One"), Community First Bank, Ronald Edlavitch, and Evergreen Title and Escrow Corporation ("Evergreen Title"). *Id.* ¶ 22.

The United States, on behalf of the IRS, subsequently removed this action to federal court. ECF No. 1; *see also* 28 U.S.C. § 1444. Thereafter, Plaintiff also served by publication "all persons unknown claiming any legal or equitable right, title, estate, lien or interest" in the Property. ECF No. 26.

Only Defendants Nationstar, IRS, and Prince George's County[2] responded to Plaintiff's Complaint. *See* ECF Nos. 22, 25, 38. On March 14, 2018, Plaintiff moved for the Clerk's entry of default against the remaining Defendants (ECF No. 37 at 1) which was granted on April 16, 2018. *See* ECF No. 39. Plaintiff now moves for default judgment against Garrison, Solar Plus,

---

[2] Plaintiff has since voluntarily dismissed without prejudice all claims against Prince George's County. *See* ECF Nos. 52, 53.

Evergreen Title, Ronald Edlavitch, Community First Bank, Capital One and "all persons unknown, claiming any legal or equitable right, title, estate, lien or interest" in the Property. ECF No. 43 at 1. Plaintiff also moves for summary judgment against Nationstar and the IRS. *Id.* The IRS, the sole defendant to respond to Plaintiff's motion, has "take[n] no position" on Plaintiff's request to reform the Property Deed. ECF No. 51 at 1.

## II. Summary Judgment

### A. Standard of Review

When reviewing a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party to determine whether any disputed issue of material fact precludes entering judgment in the movant's favor as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)).

Summary judgment is appropriate when the Court finds the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A court must grant summary judgment where "no genuine dispute as to any material fact" exists as to the pending complaint allegations. *Woollard v. Gallagher*, 712 F.3d 865, 873 (4th Cir. 2013). Importantly, a party opposing summary judgment "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)); *see also Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

### B. Analysis

Plaintiff asks the Court to declare Solar Plus the sole owner of the Property and order the Property Deed reformed to name Solar Plus as the grantee.[3] ECF No. 2 ¶¶ 23–32. "It is a settled principle that a court of equity will reform a written instrument to make it conform to the real intention of the parties, when the evidence is so clear, strong and convincing as to leave no reasonable doubt that a mutual mistake was made in the instrument contrary to their agreement." *In re Madeoy*, 551 B.R. 172, 176 (D. Md. 2016) (quoting *Hoffman v. Chapman*, 182 Md. 208, 210 (1943)); *see also In re Wilkinson*, 186 B.R. 186, 190 (Bankr. D. Md. 1995) ("The plaintiff must show that 'there has been a mutual mistake—that is, where there has been a meeting of the minds—and an agreement actually entered into, but the instrument, in its written form, does not express what was intended by the parties thereto.'") (citation omitted).

Viewing the evidence in the light most favorable to the non-moving parties, Plaintiff has demonstrated that reformation is appropriate here. Plaintiff's exhibits demonstrate that all parties intended to convey the Property to Solar Plus. The Purchase Agreement for the Property lists the buyer as Solar Plus (ECF No. 43-3 at 3; ECF No. 43-9 at 1), and Nationstar appears to have executed a Special Warranty Deed that was never recorded, listing Solar Plus as the grantee. ECF No. 43-23 at 1. Both the property insurance and title insurance on the Property

---

[3] Although "[r]eformation of instruments ordinarily may be had only by the parties to the instruments and by those standing in privity with those parties," 2 M.L.E. Alteration & Reformation of Instruments § 27, a plaintiff may seek reformation of an instrument "to set forth [its] interest." *Wiseman v. First Mariner Bank*, No.ELH-12-2423, 2013 WL 5375248, at *19 (D. Md. Sept. 23, 2013) (citation omitted); *see also Perry v. Wilmington Sav. Fund Soc'y, FSB*, No. 658, 2018 WL 2263783, at *8 (Md. Ct. Spec. App. May 17, 2018) (allowing bank lender to seek reformation of a deed conveying property where bank was not a party to that deed but had secured loan to property owner through a deed of trust as a lien against the property).

identify Solar Plus as the named insured. ECF No. 43-17 at 1; ECF No. 43-22 at 1. Solar Plus and KCS executed a Deed in Lieu of Foreclosure, signed by Garrison,[4] which states that Solar Plus "owns fee simple title to the Property." ECF No. 43-14 at 1. Accordingly, Plaintiff has established that Nationstar, Solar Plus, and Garrison all intended for the Property to be conveyed to Solar Plus, and that the Property Deed was a product of a mutual mistake. As Nationstar and the IRS have neither opposed this motion nor offered any evidence suggesting a genuine issue of material fact, summary judgment is proper. The Court will reform the Property Deed to provide that Solar Plus is the grantee.

This reformation is effective as to all persons except bona fide purchasers for value without notice. *See Hoffman*, 182 Md. at 211. A judgment creditor is not a bona fide purchaser, and "a judgment creditor's claim is subject to prior, undisclosed equities and must stand or fall by the real, and not the apparent rights of the defendant in the judgment." *In re Restivo Auto Body, Inc.*, 772 F.3d 168, 178 (4th Cir. 2014) (internal marks and citation omitted). As to a federal tax lien, it may only attach to "property" or "rights to property" belonging to the taxpayer. 26 U.S.C. § 6321; *see also Bank of N.Y. Mellon v. Ashley*, No. DKC 14-2914, 2017 WL 1048213, at *4 (D. Md. Mar. 20, 2017) ("The threshold question . . . is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach, and both federal and state courts must look to state law to answer this question.") (internal marks and citation omitted). Because the reformation is effective as of the date of the Property Deed itself, any tax or judgment lien filed on the Property as to Garrison must be removed upon reformation. *See In re Madeoy*, 551 B.R. at 176 ("Normally, if a court reforms a contract, the modification relates back to the date of the original transaction."). The IRS has "take[n] no position" on

---

[4] Garrison, by contrast, acted merely as Solar Plus' representative for the "sole purpose" of purchasing the Property. ECF No. 43-10 at 1; *see also* ECF No. 43-4 at 1.

Plaintiff's summary judgment motion and, further, is not a bona fide purchaser for value. ECF No. 51. Therefore, the IRS tax lien against Garrison (*see* ECF No. 43-24) does not impact the Property, properly owned by Solar Plus. Summary judgment is therefore granted in Plaintiff's favor.

### III. Default Judgment

#### A. Standard of Review

Federal Rule of Civil Procedure 55 provides that default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The court may then enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits." *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), the court may exercise its discretion in granting default judgment when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When considering the propriety of default judgment, the court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in the context of default judgments. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or

"naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment. *Russell v. Railey*, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g., Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### B. Analysis

Defendants Garrison, Solar Plus, Evergreen Title, Ronald Edlavitch, Community First Bank, and Capital One were all served with a copy of the Complaint and failed to respond. *See* ECF Nos. 28–34. Plaintiff further served by publication "all persons unknown claiming any legal or equitable right, title, estate, lien or interest" in the Property and received no response. ECF No. 26. The Defendants also did not respond to Plaintiff's motion for entry of default, nor did they move to set aside the Order of Default entered by the Clerk of the Court. The Court will exercise its discretion to grant default judgment in light of Defendants' failure to participate in this case. *See Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Accordingly, all of Plaintiff's factual allegations are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

Taking the well-pleaded facts of the Complaint as true, Plaintiff has established that the Property Deed executed on November 15, 2016 and recorded on January 11, 2017 was intended to be conveyed to Solar Plus, not Garrison. *See* ECF No. 2 ¶¶ 17–20. The Court will reform the Property Deed to correct this mutual mistake. The Complaint further sets out that Evergreen Title, Ronald Edlavitch, Community First Bank, and Capital One are all judgment creditors of Garrison, and not bona fide purchasers for value. *Id.* ¶ 22. Thus, the Defendants' judgment liens against Garrison do not remain attached to the Property. Plaintiff is thus accorded the same relief against the defaulting Defendants as it has under the summary judgment analysis; the

7

reformation of the Property Deed to reflect Solar Plus as the owner will also remove the defaulting Defendants as judgment creditors.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motions for default judgment and summary judgment are GRANTED. The Court will grant declaratory relief and reform the Property Deed, reflecting that Solar Plus is the sole owner of the Property and removing the judgment liens against the Property. A separate Order follows.

4/2/2019  /S/
Date  Paula Xinis
  United States District Judge